IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| LAC D'AMIANTE DU QUEBEC LTEE; fka | § | CASE NO: 05-20521 |
| LAKE ASBESTOS OF QUEBEC, LTD. | § | |
|    Debtor(s) | § | |
| | § | CHAPTER 11 |
| | § | |
| ASARCO INCORPORATED, *et al* | § | |
|    Plaintiff(s) | § | |
| | § | |
| VS. | § | ADVERSARY NO. 05-2053 |
| | § | |
| ALLIANZ INTERNATIONAL | § | |
| INSURANCE COMPANY, LTD., *et al* | § | |
|    Defendant(s) | § | |

**MEMORANDUM OPINION AND ORDER ON MOTION TO REMAND**

On this day came on for consideration the Motion to Remand filed by ASARCO, LLC f/k/a ASARCO Incorporated ("Asarco"), and two of its wholly-owned subsidiaries, Lac D'Amiante du Quebec, Ltee, and CAPCO Pipe Company (the "Debtors" or "Plaintiffs"). The Court, having heard the evidence and arguments of counsel, finds that the Motion to Remand should be granted.

**BACKGROUND**

This Adversary Proceeding was originally commenced in the 105th District Court of Nueces County, Texas (the "State Court") by Asarco filing its Original Petition on May 21, 1001. On November 5, 2001, Asarco's two wholly owned subsidiaries joined the suit as Plaintiffs. The case was pending in State Court until July 1, 2005, when it was removed to the Federal District Court for the Southern District of Texas by Fireman's Fund Insurance Company ("Fireman's"). The United States District Court specifically referred the case to this court on July 29, 2005.

Plaintiffs then filed their Motion to Remand. Fireman's objected to the Motion to Remand and filed a Motion to Withdraw the Reference. A hearing was held on both motions on September 13, 2005.

The case was pending in State Court for 49 months prior to its removal. For all but 8 months, the case was being actively prosecuted. An 8-month abatement was granted without opposition, to allow the parties to attempt settlement in light of the impending bankruptcy filing. A settlement was reached with all but two of the defendants, one of whom is Fireman's.

**DISCUSSION**

Pursuant to 28 U.S.C. §1452(b), a civil action which is related to a bankruptcy case may be removed to the district court if the district court has jurisdiction under 28 U.S.C. §1334. The automatic reference of cases to bankruptcy court ordinarily results in the removal of the case to this Court. Here, however, the case was removed to United States District Court and specifically referred to this court. A court may remand a case on "any equitable ground." 28 U.S.C. §1452(b). The issues before the Court are whether the Court has jurisdiction and, if so, whether it should exercise that jurisdiction.

Bankruptcy Court jurisdiction is "wholly grounded in and limited by statute." *In re Bass,* 171 F.3d 1016, 1022 (5th Cir. 1999). Pursuant to 28 U.S.C. § 1334, district courts (and bankruptcy courts by the reference of 28 U.S.C. §157) have jurisdiction over (1) cases under title 11 (the bankruptcy petition itself), and (2) proceedings arising under title 11, and (3) proceedings arising in a case under title 11, and (4) proceedings related to a case under title 11. "The second, third, and fourth categories 'operate conjunctively to define the scope of jurisdiction. Therefore it is necessary only to determine whether a matter is at least 'related to' the bankruptcy." *Matter of J.R. Canion,* 196 F.3d 579, 584 (5th Cir. 1999) (citing *In re Bass, supra.* ). "A proceeding is

'related to' a bankruptcy "if the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *In re Bass,* 171 F.3d 1016, 1022 (5th Cir. 1999) (quoting *In re Walker,* 51 F.3d 562, 569); *Matter of Wood*, 825 F.2d. 90 (5th Cir. 1987). Under the Fifth Circuit test for bankruptcy court jurisdiction, this Court does possess jurisdiction over the claims alleged in this action. The causes of action pending against Fireman's involve insurance coverage issues which will affect distribution to creditors and therefore could conceivably have an effect on the estate.

The issue here is whether this Court should exercise its jurisdiction. The Court may remand "on any equitable ground." 28 U.S.C. §1452(b). Factors to be considered are:

1. the convenience of the forum;
2. the presence of non-debtor parties and whether the case should be tried as a whole in State court;
3. whether the State Court is better able to respond to questions involving state law;
4. expertise of the Bankruptcy Court;
5. the duplicative and uneconomic effort of judicial resources in two forums;
6. prejudice to the involuntarily removed parties;
7. comity considerations; and
8. a lessened possibility of inconsistent results.

- - *In re Branded Products, Inc* ., 154 B.R. 936 (Bankr. W.D. Tex. 1993); citing, *Browning v. Navarro,* 743 F.2d 1069, 1977 (5th Cir. 1984).

In this case, the factors weigh in favor of remand. The convenience of the forum in this case is not altered by remand. Both the State and Federal courts are located in Corpus Christi, Nueces County, Texas. The case has been pending in State Court for over four years. For this Court to become involved in the case now would be a dramatically uneconomic use of judicial resources. Out of comity considerations to the State Court, remand is especially appropriate here. Moreover, although this court is capable of interpreting and applying Texas law, the State Court should be allowed to handle the issues of purely Texas law not only at the trial level but on

appeal if necessary in this case. The non-removing parties will therefore not be prejudiced. If the case is not remanded, Plaintiffs and non-removing defendants will be forced to expend additional time, effort and expense on education of a new court, including but not limited to re-arguing a Motion for Partial Summary Judgment currently under submission to the State Court.

## CONCLUSION

For the reasons stated above, the Court finds that the Motion to Remand should be granted and this case should be remanded to the 105th Judicial District Court of Nueces County, Texas.

It is therefore ORDERED that the Motion to Remand to State Court is hereby GRANTED and Adv. Pro. No. 05-2053 is hereby REMANDED to the 105th Judicial District Court of Nueces County, Texas

SIGNED 01/25/2006.

RICHARD S SCHMIDT
United States Bankruptcy Judge